**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                :
                                                                :
In re:                                                          :    Chapter 11
                                                                :
2178 Atlantic Ave HDFC,                                         :    Case No. 19-47287 (ESS)
                                                                :
                        Debtor.                                 :
                                                                :
----------------------------------------------------------------- X

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING THE DISCLOSURE STATEMENT AND CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION OF 2178 ATLANTIC AVE. HDFC PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The Second Amended Plan of Reorganization of 2178 Atlantic Avenue Housing Development Fund Corporation (the "Debtor") Pursuant to Chapter 11 of the Bankruptcy Code, attached hereto as **Exhibit 1**, (together with the Plan Supplement, as amended, supplemented, or modified from time to time, the "Plan")[1], having been filed with this Court (the "Bankruptcy Court") by the Debtor; and the Debtor's Second Amended Disclosure Statement (the "Disclosure Statement"), having been filed with this Court (the "Bankruptcy Court") by the Debtor; and the Bankruptcy Court having entered, after due notice and a hearing, pursuant to sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3020-2 of the Local Rules of the Bankruptcy Court for the Eastern District of New York (the "Local Rules"), an order dated March 26, 2020 (i) Conditionally Approving the Disclosure Statement; (ii) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Confirmation of the Plan; (iii) Approving the Form and Manner of the Combined Hearing Notice; and (iv) Granting Related

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Plan.

Relief [Docket No. 109] (the "Confirmation Scheduling Order"); and the Debtor having provided a copy of the Combined Hearing Notice to all applicable creditors; and the Plan and Plan Supplement having been filed and properly served; and the Confirmation Hearing having been held before the Bankruptcy Court on April 30, 2020 after due notice to holders of Claims and other parties in interest in accordance with the Plan, the Disclosure Statement, the Bankruptcy Code and the Bankruptcy Rules; and upon all of the proceedings had before the Bankruptcy Court and after full consideration of: (i) the objections to confirmation of the Plan (the "Objections"); (ii) the *Debtor's Brief in Support of Confirmation of the Second Amended Plan of Reorganization of 2178 Atlantic Ave. HDFC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 150] (the "Confirmation Brief"); (iii) the *Declaration of Charlotte Bell in Support of Confirmation of the Second Amended Plan of Reorganization of 2178 Atlantic Ave. HDFC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 168] (the "Bell Declaration") and the testimony contained therein; and (iv) pleadings filed in connection with, and arguments of counsel at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ~~DETERMINED, FOUND, ADJUDGED, DECREED AND~~ ORDERED THAT:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

### A.    Jurisdiction and Venue

1.    Venue of the Bankruptcy Court was proper as of the Petition Date and continues to be proper during this Chapter 11 Case pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). The Bankruptcy Court has subject matter jurisdiction over this matter and this Chapter 11 Case pursuant to 28 U.S.C. § 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement and Plan comply with the applicable provisions of the

Bankruptcy Code and should be approved and confirmed, respectively, and the Bankruptcy Court's exercise of such jurisdiction to enter a final order with respect thereto is proper in all respects.

**B.    Eligibility for Relief**

2.    The Debtor is and are an entity eligible for relief under section 109 of the Bankruptcy Code.

**C.    Commencement and Administration of the Chapter 11 Case**

3.    On the Petition Date, the Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has operated its business and managed its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

**D.    Committee**

4.    The United States Trustee has not appointed an official committee pursuant to section 1102 of the Bankruptcy Code in this Chapter 11 Case.

**E.    Judicial Notice**

5.    The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for Confirmation) the docket of this Chapter 11 Case, including all pleadings and other documents on file, all orders entered, all hearing transcripts and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case. Any resolution of objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference.

**F.**    **Claims Bar Date**

6.    On January 21, 2020, the Debtor filed the *Debtor's Application for an Order, Pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and 3003(c)(3) Establishing a Deadline for Filing Proofs of Claim* [Docket No. 34] (the "Bar Date Application") seeking to establish February 28, 2020 at the deadline by which all non-governmental units must file and serve Proofs of Claim against the Debtor (the "General Bar Date"). The Court granted the relief requested in the Bar Date Application on January 24, 2020 [Docket No. 47]. On January 27, 2020, the Debtor filed an affidavit of service indicating it served the Order [Docket No. 49].

**G.**    **Preliminary Approval of the Disclosure Statement**

7.    On March 26, 2020 the Court entered the Confirmation Scheduling Order. The Confirmation Scheduling Order, among other things: (i) preliminarily approved the Disclosure Statement; (ii) fixed April 17, 2020 at 5:00 p.m. (prevailing Eastern Time) as the Disclosure Statement and Plan objection deadline; (iii) fixed April 23, 2020 at 5:00 p.m. (prevailing Eastern Time) as the reply and Confirmation Brief deadline; (iv) fixed April 30, 2020 at 11:00 a.m. (prevailing Eastern Time) as the date and time for the commencement of the Disclosure Statement and Confirmation Hearing; and (v) approved the Debtor's Combined Hearing Notice sent to holders of Claims not entitled to vote on the Plan. The Debtor has complied with the Confirmation Scheduling Order, including notice procedures contained therein, in all respects.

**H.**    **Transmittal and Mailing of Confirmation Materials; Notice**

8.    Due, adequate, and sufficient notice of the Plan (including the discharge, exculpation, release, and injunction provisions contained therein), the Disclosure Statement, and the Confirmation Hearing, together with deadlines for objecting to the Plan, has been given to known holders of Claims in compliance with Bankruptcy Rules 2002(b), 3017(d), and (f). *See*

*Affidavit of Mailing* [Docket Nos. 111, 113]. The Combined Hearing Notice and all other materials relating in any way to the confirmation (including notice of the filing of the Plan Supplement) were transmitted and served in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Because such transmittal and service were adequate and sufficient, all parties in interest in this Chapter 11 Case had a full and fair opportunity to appear and be heard at the Disclosure Statement and Confirmation Hearing and no other or further notice is necessary or shall be required.

**I.    Acceptance of the Plan**

9.    As set forth in the Plan and Disclosure Statement, no holders of Claims were eligible to vote on the Plan. All holders of Claims are Unimpaired and presumed to have accepted the Plan, and therefore, were not entitled to vote to accept or reject the Plan.

10.    Based on the foregoing, all Classes are presumed to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

**J.    Plan Supplement**

11.    On April 7, 2020, and on April 17, 2020 the Debtor filed the Plan Supplement [Docket Nos. 116, 137] (the "Plan Supplement") with the Bankruptcy Court and served notice of such filing on the parties receiving documents pursuant to Bankruptcy Rule 2002 and all holders of Claims. The documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing of such documents constitutes good and proper notice in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is or shall be required. The Debtor reserves its right to modify the Plan Supplement (in accordance

with the terms of the Plan) prior to the Effective Date in any manner so long as such modifications are consistent with the Plan.

## K.    Bankruptcy Rule 3016

12.    The Plan is dated and identifies the entities submitting and filing it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement satisfies Bankruptcy Rule 3016(b). The Disclosure Statement provides adequate information, thereby satisfying section 1125 of the Bankruptcy Code.

## L.    Burden of Proof

13.    The Debtor, as proponent of the Plan, has the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. The Debtor has met its burden by proving the Plan complies with each element of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

## M.    Compliance with the Requirements of Section 1129 of the Bankruptcy Code

14.    The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

### 1.    Section 1129(a)(1) – Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.

15.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

#### a)    Sections 1122 and 1123(a)(1) – Proper Classification

16.    The classification of Claims under the Plan is proper under the Bankruptcy Code. Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan provides for the separate classification of Claims into three Classes, based on differences in the

legal nature or priority of such Claims (other than Administrative Claims, Priority Tax Claims and all United States Trustee Quarterly Fees, which are addressed in Article II of the Plan, and which are not required to be designated as separate Classes pursuant to section 1123(a)(1) of the Bankruptcy Code). Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims created under the Plan, the classifications were not done for any improper purpose and the creation of such Classes does not unfairly discriminate between or among holders of Claims.

17.    In accordance with section 1122(a) of the Bankruptcy Code, each Class of Claims contains only Claims that are substantially similar to the other Claims within that Class. Accordingly, the requirements of sections 1122(a), 1122(b), and 1123(a)(1) of the Bankruptcy Code have been satisfied.

**b)    Section 1123(a)(2) – Specification of Unimpaired Classes**

18.    Article III of the Plan specifies that Claims in Classes 1, 2 and 3 are Unimpaired under the Plan. Accordingly, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

**c)    Section 1123(a)(4) – No Discrimination**

19.    Article III of the Plan provides the same treatment for each Claim within a particular class unless the Holder of a particular Claim agreed to a less favorable treatment with respect to such Claim. The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

**d)    Section 1123(a)(5) – Adequate Means for Plan Implementation**

20.    The Plan and the various documents and agreements set forth in the Plan Supplement or entered into in connection with the Plan provide adequate and proper means for the

Plan's implementation, including, but not limited to: (a) the good-faith compromise and general settlement of Claims; (b) the entry of the Debtor into the Habitat Financing; (c) the Mortgage Satisfaction and the Gelt Mortgage Release; (d) the retroactive tax abatement from the City; (e) the general authority for all corporate actions necessary to effectuate the Plan; and (d) the preservation of the Causes of Action, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

### e)    Section 1123(b) – Discretionary Contents of the Plan

21.    The Plan contains various provisions that may be construed as discretionary and not required for Confirmation under the Bankruptcy Code. As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code, are not inconsistent with the applicable provisions of the Bankruptcy Code, and are hereby approved. Thus, section 1123(b) of the Bankruptcy Code is satisfied.

### i.    Section 1123(b)(1)-(2) – Claims and Executory Contracts

22.    The Plan is consistent with section 1123(b)(1) of the Bankruptcy Code. Article III of the Plan leaves Unimpaired each Class of Claims and Interests.

23.    The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code. Article IV of the Plan provides that all of the Debtor's Executory Contracts and Unexpired Leases shall be deemed automatically  assumed pursuant to section 365 of the Bankruptcy Code.

### ii.    Section 1123(b)(3) –Releases, Exculpation, Injunction and Preservation of Claims and Causes of Action

24.    <u>Release and Discharge</u>. The release and discharge of Claims  and Causes of Action described in the Plan, including the Debtor Release described in Article VII.D of the Plan, and the Exculpation described in VII.B of the Plan, and the Injunction described in VII.C of the Plan constitute good faith compromises  and settlements of the matters covered thereby and are

consensual. Such compromises and settlements are made in exchange for consideration and are in the best interests of holders of Claims, are fair, equitable, reasonable, and are integral elements of the Settlement and resolution of this Chapter 11 Case in accordance with the Plan. Each of the discharge, injunction, release, indemnification, and exculpation provisions set forth in the Plan (i) is within the jurisdiction of the Court under sections 105(a), and 1123(b) of the Bankruptcy Code, and sections 1334(a), 1334(b) and 1334(e) of title 28 of the United States Code, (ii) is an essential means of implementing the Plan, (iii) is an integral and non-severable element of the Settlement, the Plan and the transactions incorporated therein, (iv) confers a material benefit on, and is in the best interests of, the Debtor, its Estate, and its creditors, (v) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in this Chapter 11 Case with respect to the Debtor, (vi) is fair, equitable, reasonable, and in exchange for good and valuable consideration provided by the Debtor, and (vii) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code and Bankruptcy Rule 9019 and section 157 of title 28 of the United States Code.

25.    For the reasons set forth on the record of the Chapter 11 Case and the evidence proffered or adduced at the Confirmation Hearing, including the Plan and Settlement embodied therein, the Debtor has provided substantial consideration in exchange for the Release. The release and injunction as described in Article VII.D and Article VII.C of the Plan are an integral and necessary part of the Plan, represent a valid exercise of the Debtor's business judgment, and is in the best interest of the Estate.

26.    <u>Preservation of Claims and Causes of Action</u>. Article IV.H of the Plan appropriately provides for the preservation by the Reorganized Debtor of the Causes of Action in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. The provisions regarding the

Causes of Action in the Plan are appropriate and are in the best interest of the Debtor, the Estate, and holders of Claims.

> **2.      Section 1129(a)(2) – Compliance of the Debtor with the Applicable Provisions of the Bankruptcy Code**

27.      The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

28.      The Combined Hearing Notice and confirmation materials were served by the Debtor and its present and former members, officers, directors, partners, employees, representatives, advisors, attorneys, professionals, and agents after the Court conditionally approved the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code.

29.      The Debtor and its present and former members, officers, directors, partners, employees, representatives, advisors, attorneys, professionals, and agents have proposed the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code fairly, in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in a manner consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provision set forth in Article VII.B of the Plan.

30.      The Debtor and its present and former members, officers, directors, partners, employees, representatives, advisors, attorneys, professionals, and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore,

are not (and on account of such distributions, will not be) liable at any time for the violation of any applicable law, rule, or regulation governing the confirmation of the Plan or distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

### 3.     Section 1129(a)(3) – Proposal of the Plan in Good Faith

31.    The Debtor has proposed the Plan (and all other agreements, documents, and instruments necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the facts and record of this Chapter 11 Case, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and effectuating a successful reorganization of the Debtor. Further, the Plan's classification, indemnification, exculpation, release, settlement, and injunctive provisions, including, without limitation, Article VII.B–D of the Plan, have been negotiated in good faith and at arm's length, consistent with sections 105, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and Bankruptcy Rule 9019.

### 4.     Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable

32.    Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable. Accordingly, the requirements of section 1129(a)(4) of the Bankruptcy Code are satisfied.

5.      **Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency with the Interests of Creditors and Public Policy**

33.      The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as members of the New Board have been disclosed prior to the Confirmation Hearing, and the appointment of the New Board is consistent with the interests of holders of Claims against the Debtor and with public policy.

6.      **Section 1129(a)(6) – Approval of Rate Changes**

34.  The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

7.      **Section 1129(a)(7) – Best Interests of Creditors Test**

35.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The analysis set forth in Article XIV to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced at or prior to the Confirmation hearing: (i) is persuasive and credible, (ii) has not been controverted by other evidence, (iii) is based on sound methodology, and (iv) conclusively establishes that each Holder of a Claim has (A) has been deemed to accept the Plan and (B) will receive or retain under the Plan, on account of such Holder's Claim, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor (as applicable) were liquidated under Chapter 7 of the Bankruptcy Code on such date.

8.    **Section 1129(a)(8) – Conclusive Presumption of Acceptance by Unimpaired Classes**

36.  Classes 1, 2 and 3 are Unimpaired Classes, each of which are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Therefore, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

9.    **Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

37.  The treatment of Administrative Claims, Priority Tax Claims and United States Trustee quarterly fees under Article II of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code. Accordingly, the requirements of section 1129(a)(9) are satisfied.

10.   **Section 1129(a)(10) – Acceptance by at Least One Impaired Class**

38.  The Plan leaves Unimpaired all Classes. Therefore, section 1129(a)(10) is inapplicable to this Chapter 11 Case.

11.   **Section 1129(a)(11) – Feasibility of the Plan**

39.  The evidence submitted through the Plan and Plan Supplements regarding feasibility, together with all evidence proffered or advanced at or prior to the Confirmation Hearing, (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtor. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

12.   **Section 1129(a)(12) – Payment of Bankruptcy Fees**

40.  Article II.C of the Plan provides that the Debtor shall pay all United States Trustee Quarterly Fees under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31

U.S.C. § 3717 on all disbursements, including Plan payments and disbursements in and outside the ordinary course of the Debtor's business, until the entry of a Final Order, dismissal of the Chapter 11 Case, or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Accordingly, the Debtor has satisfied the requirements of section 1129(a)(12) of the Bankruptcy Code.

### 13.   Section 1129(a)(13), (14) and (15) – Non-Applicability of Certain Sections

41. The Debtor does not provide retiree benefits, does not owe domestic support obligations, and is not an individual. Therefore, sections 1129(a)(13), 1129(a)(14), and 1129(a)(15) do not apply to this Chapter 11 Case.

### 14.   Section 1129(a)(16) – Transfers by a Corporation Other Than a Moneyed Business

42. All transfers of property under the Plan are in accordance with applicable provisions of nonbankruptcy law that govern the transfer of property by the Debtor. Therefore, section 1129(a)(16) of the Bankruptcy Code is satisfied.

### 15.   Section 1129(c) – Only One Plan

43.     Other than the Plan (including previous versions thereof), no other plan has been filed in this Chapter 11 Case. Accordingly, the Debtor has satisfied the requirements of section 1129(c) of the Bankruptcy Code.

### 16.   Section 1129(d) – Principal Purpose of the Plan is Not Avoidance of Taxes

44. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act and there has been no filing by a Governmental Unit asserting any such attempted avoidance. Accordingly, the Debtor has satisfied the requirements of section 1129(d) of the Bankruptcy Code.

17.    **Section 1129(e) – Small Business Case**

45.    This Chapter 11 Case is not a "small business case" as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

**N.    <u>Satisfaction of Confirmation Requirements</u>**

46.    Based upon the foregoing, all other filed pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with Confirmation of the Plan and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**O.    <u>Implementation of Other Necessary Documents and Agreements</u>**

47.    All documents and agreements necessary to implement the Plan are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such documents and agreements is in the best interests of the Debtor, the Estate, and holders of Claims. The Debtor has exercised reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been negotiated in good faith, at arm's length, are fair and reasonable, and are reaffirmed and approved.

**P.    <u>Good Faith</u>**

48.    Based on the record in this Chapter 11 Case, the Debtor and the Exculpated Parties have been and will be acting in good faith if they proceed to: (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (ii) take the actions authorized and directed by this Confirmation Order to reorganize the Debtor's business. Such parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code

and the Exculpated Parties are entitled to the protections afforded by the Exculpation set forth in Article VII.B of the Plan.

**Q.**     **Executory Contracts and Unexpired Leases**

49.     The Debtor has satisfied the provisions of section 365 of the Bankruptcy Code with respect to the assumption, assumption and assignment, and rejection of Executory Contracts and Unexpired Leases pursuant to the Plan. The Debtor has exercised its reasonable business judgment prior to the Confirmation Hearing in determining to assume each of their Executory Contracts and Unexpired Leases as set forth in Article IV.H of the Plan, the Plan Supplement, this Confirmation Order, or otherwise. Each assumption of an Executory Contract or Unexpired Lease pursuant to this Confirmation Order and in accordance with Article IV.H of the Plan, or otherwise by order of this Court, shall be legal, valid, and binding upon the Reorganized Debtor and all non-Debtor persons or entities party to such Executory Contract or Unexpired Lease.

**R.**     **Transfers by Debtor; Vesting of Assets**

50.     Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated therein or entered into in connection therewith, on the Effective Date, all property in the Estate, all Causes of Action, and any property acquired by the Debtor pursuant to the Plan shall vest in the Reorganized Debtor, free and clear of all liens, Claims, charges, or other encumbrances (except for liens, if any, granted to secure any indebtedness that is Unimpaired by the Plan and except for liens, Claims, charges, security interests, and/or other encumbrances securing the Habitat Financing and/or granted under the Habitat Financing Documents). On and after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any

Claims, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject only to the terms and conditions of the Plan as well as the documents and instruments executed and delivered in connection therewith, including without limitation, the Habitat Financing Documents.

**S.**     **Disclosure: Agreements and Other Documents**

51.    The Debtor has disclosed all material facts regarding and implementation of all matters related to the Plan.

**T.**     **Approval of the Habitat Financing**

52.    The Habitat Financing is the best exit financing available to the Debtor. The Habitat Financing is an essential element of the Plan, and entry into the Habitat Financing and the Habitat Financing Documents is in the best interests of the Debtor, the Estate, and all holders of Claims, and is necessary for confirmation and consummation of the Plan. The Debtor has exercised reasonable business judgment in determining to enter into the Habitat Financing and the Habitat Financing Documents, and have provided sufficient and adequate notice of material terms of the Habitat Financing. The terms and conditions of the Habitat Financing are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duty, are supported by reasonably equivalent value and fair consideration and the Habitat Financing has been negotiated in good faith and at arm's length. The Habitat Financing and the Habitat Financing Documents, and all transactions contemplated thereby and thereunder (including, without limitation, the payment of all fees and expenses thereunder, which payment shall not be subject to disgorgement), are approved and the Debtor and Reorganized Debtor is authorized, without further approval of the Court or any other party and without further corporate,

limited liability company, or similar action, to execute and deliver all agreements, documents, instruments, and certificates relating thereto and perform their obligations thereunder.

**U.**      **Conditions Precedent to Effective Date**

53.      Each of the conditions precedent to the Effective Date, as set forth in Article VII of the Plan, has been satisfied or waived in accordance with the provisions of the Plan, or is reasonably likely to be satisfied or waived.

**V.**      **Retention of Jurisdiction**

54.      Except as otherwise provided in any of the Plan Supplement documents or other documents or agreements entered into in connection with the Plan (including the Habitat Financing Documents), the Court shall retain jurisdiction over the Chapter 11 Case and all matters arising out of, or related to, the Chapter 11 Case and the Plan, including the matters set forth in Article VIII.A of the Plan.

**ORDER CONFIRMING THE PLAN AND GRANTING RELATED RELIEF**

Based on the foregoing, **IT IS HEREBY ORDERED:**

**A.**      **Findings of Fact and Conclusions of Law**

55.      The findings of fact and conclusions of law set forth herein shall constitute the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following constitute findings of fact or conclusions of law, they are adopted as such. To the extent any of the prior findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

**B.**      **Approval of the Disclosure Statement and Confirmation**

56.      The Disclosure Statement contains adequate information and is hereby approved in its entirety pursuant to Bankruptcy Code section 1125, Bankruptcy Rules 3016, 3017, and Local Bankruptcy Rule 3017-1.

57.    All requirements for Confirmation of the Plan have been satisfied.  The Plan is confirmed in its entirety pursuant to section 1129 of the Bankruptcy Code. A copy of the confirmed Plan is attached hereto as **Exhibit 1**. The terms of the Plan and the Plan Supplement are incorporated by reference into, and are an integral part of, this Confirmation Order.

**C.        Objections**

58.    To the extent that any objections, reservations of rights, statements or joinders to Confirmation have not been resolved, withdrawn, waived or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on their merits.

**D.        Solicitation and Notice**

59.    Notice of the Confirmation Hearing complied with the terms of the Confirmation Scheduling Order, was appropriate and satisfactory based on the circumstances of this Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**E.        References to Plan Provisions**

60.    The failure specifically to include or to refer to any particular article, section, or provision of the Plan, (including the Plan Supplement), or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

**F.        Plan Classification Controlling**

61.    The terms of the Plan shall solely govern the classification of Claims for purposes of the distributions to be made thereunder.

## G.    <u>Immediate Binding Effect</u>

62.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h) or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all holders of Claims (irrespective of whether holders of such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

## H.    <u>Cancellation of Prepetition Credit Agreements</u>

63.    On the Effective Date, except as otherwise specifically provided for in the Plan: (1) the obligations of the Debtor under any certificate, equity interests, security, share, note, bond, indenture, purchase right, option, warrant, or other interest, instrument or document directly or indirectly evidencing or creating any indebtedness or obligation of or ownership interest in the Debtor giving rise to any Claim or interest (except such certificates, notes, or other instruments or documents evidencing indebtedness or obligation of or ownership interest in the Debtor that are reinstated pursuant to the Plan), shall be cancelled solely as to the Debtor, and the Reorganized Debtor shall not have any continuing obligations thereunder; and (2) the obligations of the Debtor pursuant, relating, or pertaining to any agreements, indentures, certificates of designation, limited liability company agreements, operating agreements, bylaws, or certificate or articles of incorporation or similar documents governing the shares, certificates, notes, bonds, indentures, purchase rights, options, warrants, or other instruments or documents evidencing or creating any indebtedness or obligation of or ownership interest in the Debtor (except such agreements,

certificates, notes, or other instruments evidencing indebtedness or obligation of or ownership interest in the Debtor that are specifically reinstated pursuant to the Plan) shall be released and discharged; provided further that, with regards to (1) and (2) outlined in this sentence, all liens and security interests securing any of the above-described terminated instruments are also terminated. Notwithstanding anything contrary herein or in the Plan, Nothing in the Plan or this Confirmation Order shall constitute or be construed as a cancellation, release, waiver or discharge of any of the Habitat Financing Documents or the obligations of the Debtor or the Reorganized Debtor, as applicable, thereunder and/or in connection with the Habitat Financing, or affect or be deemed to impact the rights, interests or claims of any lender and/or agent thereunder and/or in connection with the Habitat Financing.

64.     The applicable Goldstein Affiliates are authorized and directed to execute any and all documentation necessary to evidence the termination of the HUD Loan and Mortgage and the Gelt Mortgage, with such termination to occur contemporaneous with the Effective Date and payment of the Allowed Goldstein Secured Claim. The applicable Goldstein Affiliates shall take all actions required to transfer of the Property and execution of the Quitclaim Deed to the Debtor free and clear of the HUD Loan and Mortgage and the Gelt Mortgage, with such transfer to occur contemporaneous with the Effective Date. The Goldstein Affiliates shall cooperate with all reasonable requests by the Debtor to aid in the implementation of the Plan.

65.     The Debtor is authorized to file any necessary security interest and/or lien releases or terminations to evidence the termination of the HUD Loan and Mortgage and the Gelt Mortgage.

## I.    <u>Approval of the Habitat Financing</u>

66.    The Reorganized Debtor is hereby authorized, without further notice to or action, order or approval of this Bankruptcy Court, to enter into, perform under, and consummate the transactions contemplated by, the Habitat Financing and the Habitat Financing Documents, and shall, on the Effective Date, execute and deliver, as applicable, all agreements, documents, instruments and certificates relating to the Habitat Financing, including Habitat Financing Documents. All such documents (including the schedules thereto) are approved, incorporated in the Plan and this Confirmation Order by reference, and shall become effective in accordance with their terms and the Plan.

67.    The Habitat Financing and Habitat Financing Documents, and all transactions contemplated thereby and thereunder, and all actions taken or to be taken, undertakings made or to be made, and obligations incurred or to be incurred in by the Reorganized Debtor in connection therewith, including, without limitation, the payment of all fees and expenses (including payment of legal fees and expenses of counsel to the lenders), losses, damages, indemnities and other amounts provided for by the Habitat Financing Documents, which payment shall not be subject to disgorgement, are hereby approved. The Debtor and the Reorganized Debtor and the appropriate officers thereof, as the case may be, are hereby authorized to issue, enter into, execute, and deliver all agreements, documents, securities, and instruments with respect to the Habitat Financing, including the Habitat Financing Documents, and are hereby authorized to enter into and to consummate any and all transactions contemplated thereby, without further notice to or action, order, or approval of this Bankruptcy Court and without the need for any further corporate, shareholder or member action.

68.    The Habitat Financing Documents and any other agreements, documents, securities, and instruments entered into, or to be entered into, in connection with the Habitat Financing, upon their execution, shall constitute legal, valid, and binding obligations of the Debtor and Reorganized Debtor and shall be enforceable in accordance with their respective terms. The liens and security interests contemplated by and related to the Habitat Financing constitute legal, valid, binding and enforceable liens on the collateral specified in the relevant agreements executed by the Reorganized Debtor in connection with the Habitat Financing and such liens and security interests shall be deemed automatically attached to such collateral and perfected as of the Effective Date without the need for any further action, approval or filing. The guarantees, mortgages, pledges, claims, liens, and other security interests granted pursuant to or in connection with the Habitat Financing are granted in good faith, for a legitimate business purpose, and as an inducement to the lenders to extend credit thereunder and shall be, and hereby are, deemed reasonable, do not constitute a fraudulent conveyance or fraudulent transfer, shall not be subject to recharacterization or subordination (including equitable subordination), shall not otherwise be subject to avoidance for any purpose whatsoever (and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers) under the Bankruptcy Code or any other applicable non-bankruptcy law, and shall not subject the lenders or agents under the Habitat Financing to any liability by reason of incurrence of such obligation or grant of such liens and security interests under any applicable laws, and such guarantees, mortgages, pledges, claims, liens, and other security interests (as applicable) shall have the priorities set forth in the Habitat Financing Documents. The Reorganized Debtor granting, and the Entities granted, such guarantees, mortgages, pledges, claims, liens, and other security interests are authorized to make all filings and recordings, and to obtain any governmental approvals and consents necessary to

establish and perfect such guarantees, mortgages, pledges, claims, liens and other security interests (as applicable) under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Confirmation Order (it being understood that perfection shall occur automatically by virtue of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, and any such filings, recordings, approvals, and consents shall not be required) and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such guarantees, mortgages, pledges, claims, liens, and other security interests to third parties, in each case, in accordance with the terms and requirements of the Habitat Financing. All such documents shall be deemed to have been recorded and filed as of the Effective Date.

69.     Notwithstanding anything to the contrary in this Confirmation Order or the Plan, the Bankruptcy Court's retention of jurisdiction shall not govern the enforcement of the Habitat Financing Documents or any rights or remedies related thereto.

**K.     Designation of Directors/Officers Approved**

70.     On the Effective Date, the Debtor's directors and officers shall consist of those individuals identified in the Plan, and such managers and/or directors shall be deemed authorized to serve as directors of the Reorganized Debtor pursuant to the terms of the Debtor's organizational documents. Such appointment and designation is hereby approved and ratified as being in the best interests of the Debtor and creditors and consistent with public policy, and such managers and/or directors hereby are deemed elected and appointed to serve in their respective capacities as of the Effective Date without further action of the Bankruptcy Court, or the Reorganized Debtor.

**L.     Provisions Governing Distributions**

71.     The distribution provisions of Article V of the Plan shall be, and hereby are, approved in their entirety.

**M.      Procedures for Resolving Contingent, Unliquidated, and Disputed Claims**

72.     The Claims resolution procedures contained in Article V.A shall be, and hereby are, approved in their entirety.

73.     Notwithstanding anything to the contrary herein, the Debtor shall seek approval of the Court on appropriate notice to holders of Disputed Claims of any extension of the deadline to object to such Claims. Nothing shall prevent the Debtor from seeking such relief on an expedited basis.

**N.      Treatment of Executory Contracts and Unexpired Leases**

74.     The Executory Contract and Unexpired Lease provisions of, and the assumption of the same under, Article IV.I of the Plan shall be, and hereby are, approved in their entirety.

**O.      Vesting of Assets in the Reorganized Debtor**

75.     Subject to the provisions in the Plan or in any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, all property in the Estate, all Causes of Action, and any property to be acquired by any of the Debtor pursuant to the Plan shall vest in the Reorganized Debtor, free and clear of all liens, Claims, charges, or other encumbrances (except for liens, Claims, charges, security interests, and/or other encumbrances securing the Habitat Financing and/or granted under the Habitat Financing Documents). For the avoidance of doubt, upon the Conditions Precedent and on the Effective Date, the Property shall vest to the Reorganized Debtor free and clear of any liens, claims, encumbrances not authorized in this Confirmation Order, including, but not limited to, the Mortgage held by the Goldstein Affiliates

and the Gelt Mortgage. On and after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject only to the terms and conditions of the Plan as well as the documents and instruments executed and delivered in connection therewith, including without limitation, the Habitat Financing Documents.

76.     Following the entry of this Confirmation Order and contemporaneous with the occurrence of the Effective Date, 2178 Atlantic Realty LLC and/or any affiliate or transferee therefrom, including but not limited to, Noteworthy Foreclosure LLC, shall execute a quitclaim deed conveying the Property to the Reorganized Debtor, and any Claims and Interests of the Goldstein Affiliates, including but not limited to 2178 Atlantic Realty LLC and Noteworthy Foreclosure LLC, in or to the Property, and any interests of any person or entity claiming rights to the Property through any Claims and Interests from any of the Goldstein Affiliates, including but not limited to Gelt LLC, shall be extinguished, discharged, and released contemporaneous with the occurrence of the Effective Date pursuant to this Confirmation Order.

**P.      Discharge of Claims and Termination of Interests**

77.     Pursuant to and to the fullest extent permitted by section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan and this Confirmation Order, the distributions, rights and treatment that are provided in the Plan shall be in full and final satisfaction, settlement, release and discharge, effective as of the Effective Date, of all Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtor, the Reorganized Debtor, or any

of its assets or properties, including the Property, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim or Interest based upon such Claim, debt, right, or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted or objected to the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

**Q.**     **Restructuring Transactions**

78.     On the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtor shall take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, as further described in the Plan Supplement, including: (1) the execution and delivery of appropriate agreements or other documents of merger, consolidation, reorganization, restructuring, conversion, disposition, transfer, dissolution or liquidation containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law; (2) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan; (3) all transactions necessary to provide for the distributions, contributions or cancellations of intercompany obligations; (4) the execution and delivery of the Habitat Financing Documents; (5)

all transactions necessary to consummate the Habitat Financing; and (6) all other actions that the Reorganized Debtor determines are necessary or appropriate.

R.      **Compromise and Settlement**

79.      Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan, including the releases set forth in Article VII of the Plan, shall constitute, as of the Effective Date, a good faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest. This Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests, and controversies, as of the Effective Date, as well as a finding by the Bankruptcy Court that such compromise or settlement (including the Settlement) is in the best interests of the Debtor, its Estate, and holders of Claims and Interests and is fair, equitable, and reasonable. In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order, or approval of the Bankruptcy Court, after the Effective Date, the Reorganized Debtor may compromise and settle Claims against them and Causes of Action against other Entities, and the Clerk of the Court may administer and adjust the Claims Register to reflect any such settlements or compromises without further notice to or action, order or approval by the Bankruptcy Court.

S.      **Settlement, Release, Injunction and Related Provisions**

80.     The following releases, injunction, exculpation and related provisions set forth in Article VII of the Plan are hereby approved and authorized in their entirety as of the Effective Date:

(a)          **Exculpation.**

**Upon and effective as of the Effective Date, the Exculpated Parties will be deemed to have solicited acceptances of this Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.**

**Except with respect to any acts or omissions expressly set forth in and preserved by the Plan or the Confirmation Order, the Exculpated Parties shall neither have nor incur any liability to any Entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or arising from or relating in any way to, the Chapter 11 Case, including, without limitation, the operation of the Debtor's business during the pendency of this Chapter 11 Case; formulating, negotiating, preparing, disseminating, implementing, and/or effecting the Disclosure Statement, and the Plan (including any related contract, instrument, release, or other agreement or document created or entered into in connection therewith); the pursuit of Confirmation and consummation of the Plan; the administration of the Plan and/or the property to be distributed under the Plan; the offer and issuance of any securities under the Plan; and/or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor. In all respects, each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its respective duties under, pursuant to, or in connection with the Plan.**

**Notwithstanding anything herein to the contrary, nothing in the foregoing "Exculpation" shall exculpate any Person or Entity from any liability resulting from any act or omission constituting fraud, willful misconduct, gross negligence, criminal conduct, malpractice, misuse of confidential information that causes damages, or ultra vires acts as determined by a Final Order. Further, nothing under the Plan will exculpate any attorneys for any liability to their clients for malpractice.**

(b)          **Injunction.**

**Except as otherwise provided in the Plan, on and after the Confirmation Date, all Entities and Persons who have held, hold or may hold Claims against the Debtor are, with respect to any such Claim, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Reorganized Debtor, any of their property (including, for the avoidance of doubt, the Property), or any direct or indirect transferee of any property of, or direct or indirect successor, (b) enforcing, levying, attaching (including without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or**

indirectly, of any judgment, award, decree or order against the Debtor, the Reorganized Debtor, any of their property (including, for the avoidance of doubt, the Property), or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Reorganized Debtor, any of their property (including, for the avoidance of doubt, the Property), or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities and (d) taking any action in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Nothing contained in this provision of the Plan shall impact the rights of a Holder of an Allowed Claim to receive and enforce distributions on account of its Allowed Claim in accordance with Article III hereof or to enforce the provisions of this Plan.

(c)        <u>Release.</u>

Except as otherwise provided for in this Plan, on the Effective Date, all mortgages, deeds of trust, liens or other security interests against the property of the Debtor's estate (including, for the avoidance of doubt, the Property) shall be released, and all the right, title and interest of any Holder of such interest shall revert to the Reorganized Debtor.

T.      <u>Subordinated Claims</u>

81.      The allowance, classification, and treatment of all Allowed Claims and Interests and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Reorganized Debtor reserves the right to re-classify any Allowed Claim or Interest in accordance with any contractual, legal or equitable subordination relating thereto.

U.      <u>Release of Liens</u>

82.      Except as otherwise provided in the Plan, this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into or delivered in

connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Articles II and III of the Plan, satisfaction in full of the portion of the Secured Claim that is Allowed, including the Goldstein Secured Claim, as of the Effective Date, all mortgages, deeds of trust, liens, pledges, or other security interests against any property of the Estate shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, liens, pledges, or other security interests, including the Gelt Mortgage, shall revert (to the extent not otherwise terminated on the Effective Date) to the Reorganized Debtor and its successors and assigns.

## V.    Preservation of Causes of Action

83.     In accordance with section 1123(b) of the Bankruptcy Code, but subject to Article IV of the Plan, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, and the Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtor pursuant to the releases and exculpations contained in the Plan. **No Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against it as any indication that the Debtor or the Reorganized Debtor, as applicable, will not pursue any and all available Causes of Action against it.** The Debtor or the Reorganized Debtor, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan. Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Reorganized Debtor expressly reserves all Causes of Action, for later adjudication, and, therefore

no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation or the Effective Date.

84. In accordance with section 1123(b)(3) of the Bankruptcy Code, any Causes of Action that the Debtor may hold against any Entity shall vest in the Reorganized Debtor. The Reorganized Debtor, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action. The Reorganized Debtor shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order or approval of the Bankruptcy Court.

## W. Allowance and Payment of Certain Administrative Expense Claims, Priority Tax Claims and United States Trustee Statutory Fee

### (a) Administrative Claims

85. Except to the extent that an Administrative Claim has already been paid during the Chapter 11 Case or a Holder of an Allowed Administrative Claim and the Debtor agree to less favorable treatment, each Holder of an Allowed Administrative Claim (including any substantial contribution claims) shall be paid in full in Cash on the unpaid portion of its Allowed Administrative Claim on the latest of: (i) on or as soon as reasonably practicable after the Effective Date if such Administrative Claim is Allowed as of the Effective Date; (ii) on or as soon as reasonably practicable after the date such Administrative Claim is Allowed; and (iii) the date such Allowed Administrative Claim becomes due and payable, or as soon thereafter as is reasonably practicable; provided that Allowed Administrative Claims that arise in the ordinary course of the

Debtor's business shall be paid in the ordinary course of business in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.  Notwithstanding any provision of the Plan to the contrary, no Governmental Unit shall be required to file a request for the payment of an expense described in 11 U.S.C. § 503(b)(1)(B) or (C) as a condition of it being allowed as an administrative expense.

**(b)      Priority Tax Claims**

86.      Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, in full and final satisfaction, compromise, settlement, release, and discharge of, and in exchange for, each Allowed Priority Tax Claim, each Holder of such Allowed Priority Tax Claim shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code, including payment in equal installments over a five year period from the Petition Date at an interest rate as provided by state law.

**(c)      United States Trustee Statutory Fees**

87.      The Reorganized Debtor shall pay all United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements made by the Reorganized Debtor, including Plan payments and disbursements in and outside the ordinary course of the Reorganized Debtor's business, until the entry of a Final Order, dismissal of the Chapter 11 Case, or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

**X.      Exemption from Certain Transfer Taxes and Recording Fees**

88.      Pursuant to section 1146(a) of the Bankruptcy Code, any transfer from the Debtor to the Reorganized Debtor or to any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to:  (1) the issuance, distribution, transfer, or exchange of any

debt, securities, or other interest in the Debtor or the Reorganized Debtor; (2) the creation, modification, consolidation, termination, refinancing, or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (3) the making, assignment, or recording of any lease or sublease; (4) the grant of collateral as security for any or all of the Habitat Financing; or (5) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, sales or use tax or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(c) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**Y.      Retention of Jurisdiction**

89.      The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, including the matters set forth in Article VIII of the Plan and section 1142 of the

Bankruptcy Code. Notwithstanding anything to the contrary in this Confirmation Order or the Plan, the Court's retention of jurisdiction shall not govern the enforcement of the Habitat Financing or the documents executed in connection therewith or any liens, rights, or remedies related thereto except to the extent that this Confirmation Order has been vacated or reversed, but instead, such enforcement shall be governed as set forth in the Habitat Financing Documents.

## Z.    Governing Law

90.    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control), and corporate governance matters.

## AA.    Effectiveness of All Actions

91.    Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan (including, without limitation, (i) the adoption and assumption of any Executory Contracts, (ii) selection of the managers, directors and officers, as appropriate, for the Reorganized Debtor, and (iii) entry into any contracts, instruments, releases, agreements, and documents necessary to implement, effectuate, and consummate the Plan, including, without limitation, those contracts, instruments, releases, agreements and documents identified in Articles IV of the Plan (including, without limitation, the Habitat Financing, the Habitat Financing Documents, the Gelt Mortgage Release, the Mortgage Release)) shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order (as appropriate), without further application to, or order

of this Court, or further action by the respective officers, directors, or members of the Debtor or Reorganized Debtor, as applicable, and with the effect that such actions had been taken by unanimous action of such officers, directors, or members.

**BB. Effectuating Documents and Further Transactions**

92.     The Debtor or the Reorganized Debtor, as applicable, may take all actions to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan, in the name of and on behalf of the Reorganized Debtor, without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant hereto. The secretary of the Debtor or Reorganized Debtor, as applicable, shall be authorized to certify or attest to any of the foregoing actions. Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan that would otherwise require approval of the directors, or members of the Debtor or the Reorganized Debtor, as applicable, shall be deemed to have been so approved and shall be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the directors, managers, or partners of the Debtor or the Reorganized Debtor, as applicable, or the need for any approvals, authorizations, actions or consents.

93.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, agreements, any amendments or modifications thereto and any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, securities, and agreements and any amendments or modifications thereto.

## CC.    **Modifications, Amendments, Supplements, Restatements, or Other Agreements**

94.    Unless otherwise provided in the Plan, each Executory Contract or Unexpired Lease that is assumed shall include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such Executory Contract or Unexpired Lease, and Executory Contracts and Unexpired Leases related thereto, if any, including easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, unless any of the foregoing agreements has been previously rejected or repudiated or is rejected or repudiated under the Plan.

95.    Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority, or amount of any Claims that may arise in connection therewith.

## DD.    **Effect of Conflict Between Plan and Confirmation Order**

96.    If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. For the avoidance of doubt, and notwithstanding anything to the contrary contained herein, if there is any conflict between the terms of the Confirmation Order and any provision of the Habitat Financing Documents, the Habitat Financing Documents shall control.

## EE.    **Reservation of Rights**

97.    Neither the filing of the Plan, any statement or provision contained herein, nor the taking of any action by the Debtor or any other Entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor with respect to the

holders of Claims or Interests or other Entity; or (2) any holder of a Claim or an Interest or other Entity prior to the Effective Date. If the Effective Date does not occur or if the Plan is withdrawn (or deemed withdrawn), this Confirmation Order shall be null and void in all respects (other than with respect to good faith actions taken by any party in furtherance of this Confirmation Order) and any settlement or compromise not previously approved by Final Order of the Bankruptcy Court embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Interest or Class of Claims), assumption or rejection of executory contracts or leases effected by the Plan and any document or agreement executed pursuant hereto, shall be deemed null and void. No provision of the Plan shall be effective until the occurrence of the Effective Date.

**FF. <u>Notice of Entry of the Confirmation Order</u>**

98.     Within five (5) Business Days of the Effective Date, the Debtor shall file and serve a notice of the Effective Date on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case, (ii) state and local taxing authorities in which the Debtor does business, (iii) the Internal Revenue Service, (iv) holders of Claims or Interests, (v) all counterparties to executory contracts and unexpired leases, (vi) the United States Trustee, (vii) all persons or entities listed on the Debtor's creditor mailing matrix; and (viii) the lenders and the agents under the Habitat Financing. The notice of Effective Date shall include notice of (i) the bar date for filing Administrative Claims arising under section 502(b) of the Bankruptcy Code which is 11:59 p.m. prevailing Eastern Time, on the business day that is thirty (30) days after the Effective Date.

**GG.     <u>Injunctions and Automatic Stay</u>**

99.     All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

100.    This Confirmation Order will permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims, Interests, Causes of Action, obligations, suits, judgments, damages, demands, debts, rights, or liabilities released pursuant to the Plan.

**HH.    Nonseverability of Plan Provisions Upon Confirmation**

101.    If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtor; and (3) nonseverable and mutually dependent.

**II.    Authorization to Consummate**

102.    The Debtor is authorized to take all actions necessary or appropriate to consummate the Plan and may do so on any business day selected by the Debtor after the entry of the Confirmation Order, subject to satisfaction or waiver (by the required parties) of the conditions to the Effective Date set forth in Article VI of the Plan.

**JJ.    Substantial Consummation**

103.     On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

**KK.     <u>Waiver of Rule 3020(e)</u>**

104.     The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

**LL.     <u>Headings</u>**

105.     Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

**MM.   <u>Final Order</u>**

106.     This Confirmation Order is a Final Order and the period in which an appeal must be filed to commence upon the entry hereof.

107.     The Debtor shall file with the Court, on notice to the United States Trustee, a motion and proposed order seeking a final decree closing the case within 14 days following the full administration of the Debtor's estate, but not later than 18 months following the entry of this Order in accordance with Bankruptcy Rule 3022 and L.B.R.E.D.N.Y. 3022-1.



**Dated: Brooklyn, New York**
**May 5, 2020**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**